☞ See *Wood* v. *Genet,* &c., *post,* which grew out of this decision.

---

WOOD *v.* JACKSON *ex dem.* GENET and others, 8 Wend. 9–47.

In S. Ct. 3 Wend. 27, and see opinion of Savage, Ch. J., on motion for new trial after *second verdict* for plaintiff, 8 Wend. 13 *et seq.*

*Ejectment    Estoppel; Reversal of Judgment.*

EJECTMENT for certain premises in the city of New York. The plaintiffs claimed as heirs at law, and grantees of Mrs.

Osgood, who conveyed the property to her daughter Martha Osgood, who afterwards intermarried with Edmund C. Genet, one of the lessors of the plaintiffs and died leaving issue who joined in the demise. The defendant claimed title under a sheriff's deed given to a purchaser, at the sale of the property under judgment against the heirs and *devisees of Mrs.* Osgood, for a debt due by him in her lifetime to the Manhattan Bank. (See *Osgood* v. *Manhattan Company,* 15 J. R. 167, *ante,* where the judgment under which the sale took place was reversed, but several years after the sale of the premises.)

On the trial of the cause, the defendant offered as *evidence* to prove the fact that the validity of the deed of Mrs. Osgood to Martha Osgood, then Mrs. G., had been passed upon by the jury on the trial of the case of the *Manhattan Company* v. *Osgood,* the record of the verdict and judgment in that case, but they were not set up by *plea* as an estoppel. The verdict and judgment thus offered were rendered against the lessor of the plaintiff, Genet and his wife and others, in a suit against them as heirs and devisees of Mrs. Osgood, in which suit they pleaded *riens per descent,* and on the trial of that issue, the jury found a verdict against the lessor of the plaintiff and others, defendants in that suit, and which judgment was subsequently reversed by the Court of Errors.

The Circuit Judge (Edwards) admitted the record of this judgment to be given in evidence, and also admitted parol evidence to be given by the defendant Wood, to prove that the validity of the deed of Mrs. O. to Martha her daughter, was in issue and passed upon by the jury in that cause, and that they *must* have found the issue on the validity of *that deed,* to wit, that the wife of the lessor of the plaintiff, E. C. Genet, who were both defendants in that suit, took the premises by *descent,* as a verdict was found against them on the issue of *riens per descent* and that the property was therefore assets in their hands to pay the debts of Mrs. Osgood. The Circuit Judge then charged the jury, that if they found that the issue in the record offered in evidence embraced the premises in question in the present suit, then that record and the finding of the jury were *conclusive* against the lessors of the plaintiffs, in favor of a purchaser under it, while it was in force; al-

though the judgment was afterward *reversed.* Verdict for the defendant.

On bill of exceptions and motion for a new trial,

The Supreme Court held, that "the verdict and judgment in that suit, not having been pleaded as an estoppel and so produced, but merely given in *evidence,* were no bar to the plaintiff's action of ejectment; it not appearing by *the record* that the fact sought to be established by it, was in issue and passed upon in that suit; that they were not conclusive, even if they were so passed upon; for the record being *mere evidence,* the jury may find against it, if the other evidence in the case will warrant their so doing. To make a record *conclusive,* it must appear on its face, that the same matter was in issue, and parol evidence can not be admitted to prove that fact. It must appear that the question was *directly* and not *collaterally* put in issue; the finding must appear affirmatively and expressly, and not rest in inference." The court accordingly granted a new trial, at which the Circuit Judge ruled, after the defendant had offered the same record of the judgment and execution under which he claimed *in evidence,* that under the decision of the Supreme Court granting the new trial, the evidence given at the former trial to show that the same question was in issue in the former suit, and passed upon by the jury, was inadmissible. He also charged the jury that the receipt given by Genet, of the surplus of the avails of the sale of the premises, formed no bar to the plaintiff's right of recovery. Exceptions to the decision of the judge as to rejection of testimony and to the charge. Verdict for plaintiff, and motion for new trial. On this second motion for a new trial,

The Supreme Court held, that the rejection of the testimony offered, and the charge of the judge were correct. Ch. J. Savage, who delivered the opinion of the court, (see 8 Wend. 16–27,) saying that " if the judge erred in excluding the testimony, it was not his error but that of the Supreme Court, in its former decision, on which that of the Circuit Judge had been based." He also observed that if the judgment is reversed, &c., the purchaser has a remedy for his purchase money; evidently meaning that if the *purchaser* is *evicted,* he may still resort to the judgment creditor for his purchase

money, *i. e.*, that Wood would have a right to recover back the money paid by him, from the Manhattan Company. From this judgment, the defendant Wood brought error, and now

The Court of Errors held that the judgment of the Supreme Court must be *reversed.* Chancellor Walworth, who delivered an opinion in favor of reversing, puts the reversal upon grounds which it is to be presumed, were those of a majority of the court, although the other member of the court who delivered an opinion for reversal, rests his decision on different reasons, which will be presently noticed. The Chancellor says:

" We see from the record, that the only question to be tried in the case between the *Manhattan Company* and the children of *Mrs. Osgood,* was whether *any* and not *what* lands had come to them by descent or devise. It appears by the report of that case, 3 Cow. 611, that the testatrix was seised of *other real* estate besides that conveyed to her daughters. The deed to Mrs. Genet was made valid by her subsequent ' marriage, (in the lifetime of her mother.) A verdict can not be urged as an estoppel to the litigation of a fact which was not *absolutely necessary* to the finding of the verdict in the previous case. The *King* v. *Inhabitants of K.,* (4 Dow. and Ry. 469.)

" It also appeared on the former trial of this cause, that the judgment had been reversed in the Court for the Correction of Errors, and the verdict set aside. This was of itself a sufficient answer to the verdict when urged by way of estoppel, 4 H. and Mc Henry, 246 ; 1 Har. and Johns. 253. In this case the judgment no longer operated upon the land ; the moment it was reversed and the verdict set aside, the *estoppel* was gone.

" But notwithstanding the reversal of the judgment, the purchaser is entitled to the land purchased under it, while it was in existence; but he is not entitled to the benefit of a *collateral fact,* settled by a verdict afterwards set aside for illegality. I am therefore of opinion that the decision of the Supreme Court in this case, by which they set aside the first verdict, and granted a new trial, was correct.

" But the counsel for the defendant, who were undoubted-

ly aware of these difficulties, have at this last trial carefully excluded the fact, that the judgment had been reversed. They also offered to prove that the *only question* before the jury on the trial of the cause of the *Manhattan Company* v. *Osgood and others,* was as to the validity of the deed to Mrs. Genet. The Supreme Court passed upon the case under the supposition that it embraced the same questions which they had previously decided in favor of the lessors of the plaintiff. Although I agree with the opinion of Mr. Justice Marcy, that on the facts as presented to the court on the first trial, there was no *estoppel,* yet from the shape in which the counsel who tried this cause have suffered it to come before this court, I do not see how we can avoid reversing the judgment, and sending it back for a new trial. We can only take judicial notice of the facts stated in this bill of exceptions, although we may be satisfied the facts will be otherwise when the case is retried. I must therefore vote for a *reversal* of the judgment, and that a *venire de novo* be awarded." p. 36–7.

☞ Senator Seward, who delivered the only other opinion, maintained that the record accompanied by the proof that the jury passed upon the question, was *conclusive.* But he does not handle or even touch the question as to the effect of the reversal of the judgment, which the Chancellor holds, (and we must take leave to think, correctly) is a sufficient answer to the verdict, when urged by way of estoppel.

Judgment unanimously *reversed,* and *venire de novo* awarded; on which the plaintiff had a verdict and judgment in his favor.